IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRED WILLIE, ) | |
| ) | |
| Plaintiff, ) | Case No. CV-07-376-S-BLW |
| ) | |
| vs. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES; RANDY BLADES; ) | |
| DAVID HAAS; MSA STOCKTON; ) | |
| PRISON HEALTH SERVICES; and ) | |
| APRIL DAWSON, M. D., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

Pending before the Court is Plaintiff's Motion for Reconsideration (Docket No. 28) from an Order dismissing his case without prejudice for failure to exhaust the prison grievance system and denying preliminary injunctive relief (Docket No. 26). For the reasons set forth below, Plaintiff's Motion for Reconsideration is DENIED.

**ORDER - 1**

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction ("IDOC") and is presently incarcerated at the Idaho State Correctional Institution ("ISCI"). On September 6, 2007, Plaintiff filed a pro se civil rights complaint alleging violations of his Eighth Amendment right to adequate medical treatment. (Docket No. 1.) In his complaint, Plaintiff claims that he sustained serious injuries to his back, right shoulder, and right knee while awaiting transport to the ISCI. He contends that he made repeated requests for medical care from Defendants and submitted numerous health services request forms to medical personnel, as well as concern and grievance forms to IDOC staff. He alleges that he unsuccessfully attempted to obtain treatment for one year and four months. Plaintiff also filed a Motion for Preliminary Injunctive Relief regarding treatment for his invasive bladder cancer and related complications and pain. (Docket No. 2.)

In turn, Defendants Correctional Medical Services ("CMS") and April Dawson, M.D. filed a lengthy opposition (Docket No. 14) to Plaintiff's request for preliminary injunctive relief and a Motion to Dismiss Plaintiff's claims on the grounds that he had failed to exhaust the prison grievance system prior to filing his lawsuit. (Docket No. 16.) Defendants Randy Blades, David Haas, and MSA Stockton joined this Motion to Dismiss. (Docket No. 18.)

ORDER - 2

On August 14, 2008, this Court entered an order denying Plaintiff's Motion for Preliminary Injunction without prejudice and granting Defendants' Motion to Dismiss for failure to exhaust the prison grievance system. (Docket No. 26.) In reaching this decision, the Court found that the IDOC has a relatively straightforward and simple grievance procedure and that Plaintiff understood this procedure and had initiated complaints through the first level of the grievance process, but had never completed the process. (*Id.* at p. 7.) The Court also found that Plaintiff's request for injunctive relief and many of the claims he enumerated in the Complaint had never been raised in the prison grievance system. (*Id.*) Accordingly, judgment dismissing the case without prejudice to re-filing after exhausting administrative remedies was entered on August 14, 2008. (Docket No. 27.)

On September 16, 2008, Plaintiff timely moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for reconsideration of the Court's order dismissing his case without prejudice. (Docket No. 28.)

## ANALYSIS

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or

misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Relief under the catch-all provision of Rule 60(b)(6) can only be granted in "'extraordinary circumstances,'" as an equitable remedy "'to accomplish justice.'" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988) (quoting *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949); *Ackermann v. United States*, 340 U.S. 193, 199-200 (1950)).

In the case at bar, Plaintiff moves for reconsideration pursuant to subsections 2 and 3 of Rule 60(b). Specifically, Plaintiff argues that he has secured new evidence and that dismissal of his case and denial of his motion for preliminary injunction were based on Defendants' "presentation of facts which were founded on fraud, misrepresentation, and other adversary misconduct." (Docket No. 28, Pt. 2 at p. 1.) In support of his contentions, Plaintiff asserts five arguments. The Court considers and rejects each of these arguments in turn.

First, Plaintiff argues that Defendants neglected to inform the Court that the IDOC Policy 316 and IDOC Division of Operation Directive 316.02.01.001 ("Directive 316") were no longer in effect as of November 2007. Plaintiff submits details of the prison grievance policy as revised in or after November 2007. This argument and purported "new evidence" are unavailing. Plaintiff's case was filed

**ORDER - 4**

in September 2007. He was obligated to exhaust the grievance process as it existed before he filed suit in federal court. The fact that the prison grievance policy may have been revised in November 2007, *after* Plaintiff's complaint was filed in this Court, is irrelevant. Defendants were under no obligation to inform the Court of the November 2007 grievance policy amendments and their failure to do so does not constitute fraud, misrepresentation, or misconduct.

Plaintiff's second argument is that Defendants manipulated the language of Directive 316 to erroneously convince the Court that it was mandatory for him to attach a colored copy of an unanswered Concern Form to a Grievance Form in order to be able to proceed with his administrative remedies. Plaintiff also reasons that he should be excused from the exhaustion requirement because Defendants did not follow their own policy or directive when they did not provide him with a signed colored copy of his Concern Form. This argument is wholly unpersuasive because neither IDOC Policy 316 nor Directive 316 mention the color copy requirement. There is no indication that Plaintiff was ever required to receive or attach such a copy of his Concern Form in order to proceed with filing a Grievance Form. The fact that he did not receive a colored or signed copy of his Concern Form, or was otherwise unable to attach it to a Grievance Form, does not appear to have impacted his ability to comply with the prison grievance system procedures.

**ORDER - 5**

Plaintiff's third argument is that Defendants misled the Court by stating that there was only a three-step procedure to the grievance process when there is actually a four-step process because inmates should first informally discuss issues with staff before filling out a Concern Form. Plaintiff further argues that he exhausted administrative remedies when he and his family members spoke to IDOC officials and medical staff about his medical treatment because, although he did not follow the formal grievance policy, these calls and conversations constituted adequate notice of Plaintiff's claims.

The record shows, as this Court previously found, that in order to exhaust the grievance procedures available at the time of Plaintiff's complaint: an inmate must (1) seek informal resolution by completing a Concern Form; (2) if informal resolution cannot be achieved, complete a Grievance Form; and (3) appeal the response to the Grievance Form to a relevant appellate authority. (*See* Docket No. 26 at pp. 4-5. ) In the present case it appears from the record that Plaintiff only filed Concern Forms and never filed a Grievance Form. Further, it also appears that he did not file Concern Forms for the majority of his claims. The fact that inmates are encouraged –or even required– to informally discuss issues with staff before filing a Concern Form and the fact that Plaintiff and his family members informally raised concerns to IDOC staff members, do not release Plaintiff from

**ORDER - 6**

his obligation to exhaust administrative remedies.

As the Court expounded in its August 14, 2008 order (Docket No. 26 at pp. 5-6), pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners are required to exhaust all of their administrative remedies within the prison system before bringing a civil rights lawsuit challenging the conditions of their confinement. 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory under the PLRA, and thus, Plaintiff cannot bring his unexhausted claims before this Court. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

Plaintiff's fifth argument is that his case should not have been dismissed as to Defendant PHS because PHS did not join the Motion to Dismiss and is no longer the health care provider for the IDOC. The Court rejects this argument because these facts do not discharge the requirement that prisoners exhaust administrative remedies before bringing suit in federal court. *See id.* Plaintiff was required to exhaust his administrative remedies as to each *claim*, not as to each defendant. *See id.* at 218.

Finally, in passing, Plaintiff alludes to systemic retaliation by IDOC officials against inmates who file Concern Forms. Plaintiff explains that even though Defendants retaliated against him by threatening to move him and by discontinuing his medical treatment, this did not deter him from filing Concern Forms and

**ORDER - 7**

continuing with the grievance process. This argument is unpersuasive because Plaintiff does not state, much less demonstrate, any manner in which retaliation by IDOC officials hindered his ability to exhaust the prison grievance system.

For the aforementioned reasons, the Court finds that Plaintiff has not proffered any new evidence; demonstrated any fraud, misrepresentation or other misconduct by Defendants; or otherwise asserted any basis which could entitle him to reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 28) is DENIED.



DATED:  **January 30, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge